IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., and ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, <br><br> Plaintiffs, <br><br> v. <br><br> PAN-OCEANIC ENGINEERING CO., INC., an Illinois Corporation, <br><br> Defendant. | No. 22 CV <br><br> Judge <br><br> Magistrate |

## *COMPLAINT*

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al., by its attorneys, Gregory W. Hosé, John Festa, Andrew S. Pigott, and the law firm of Gregorio, Stec, Klein & Hosé, complain of the Defendant, PAN-OCEANIC ENGINEERING CO., INC., and allege as follows:

1. Jurisdiction of this case lies in the Federal courts as this action arises under Section 502 of the Employee Retirement Income Security Act, Section 301 of the Taft-Hartley Act (29 U.S.C. §§1132 and 185, respectively), and questions arising thereunder.

2. The ARCHITECTURAL AND ORNAMENTAL IRON WORKS LOCAL NO.63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. (collectively, "Funds") receive contributions from numerous employers pursuant to Collective Bargaining

Agreements ("CBAs") between the employers and Plaintiff ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63 ("Union").

3. The Funds are multi-employer plans under 29 U.S.C. §1002.

4. Proper venue is in the Northern District of Illinois because the location of the Funds administration is in Oak Brook, Illinois.

5. Defendant is an employer engaged in an industry affecting commerce.

6. At all times pertinent, Defendant had a CBA with the Union.

7. The Recognition Clause of the CBA states as follows:

> 2.1 The Employer recognizes the Union as the sole and exclusive bargaining representative for the employees, now or hereafter employed in the Bargaining Unit for the purpose of collective bargaining in respect to pay, wages, hours of employment or other conditions of employment. All work within the trade jurisdiction of the Union which the Employer undertakes to perform with its employees shall be performed by employees covered by this Agreement.

8. The Union Security Clause of the CBA states as follows:

> 5.1 All employees now included in the Bargaining Unit represented by the Union and having a membership therein must, during the term hereof, as a condition of employment, maintain their membership in the Union.
>
> 5.2 All other employees covered by this Agreement shall, as a condition of employment, become members of the Union after the seventh day of but not later than the eighth day following the beginning of such employment, or the effective date of this Agreement, whichever is later, and they shall maintain such membership as a condition of continued employment as hereinafter provided.
>
> 5.3 Any employee who refuses or fails to become a member of the Union or refuses or fails to maintain his membership therein in accordance with the provisions of Section 1 and 2 of the Article shall forfeit his right of employment, and the Employer shall, within three (3) working days of being notified by the Union in writing as to the failure of an employee to join the Union or to maintain his membership therein, discharge such employee. For this purpose, the requirements of membership and maintaining membership shall be in accordance with State

>and Federal Laws. The Employer shall not be in default unless he fails to act within the required period after receipt of written notice.
>
>5.4 The Employer agrees to advise the employee of the provisions of this Article provided the Employer is notified in advance of the Union's initiation fees and dues.

9. The terms of the CBA bind the Defendant to the provisions of the Declarations of Trust creating the Funds ("Trust Agreements").

10. Under the CBA and the Trust Agreements, Defendant must contribute to the Funds for each hour worked by its Union members or any other employees performing bargaining unit work.

11. Defendant's duty to contribute, or to ensure contributions for bargaining unit work on its behalf, extends to its subcontractors, as set out in the CBA's Subcontracting clause:

>21.1 The parties hereto, being in the Construction Industry, qualify under the proviso of Section 8(e) of the National Labor Relations Act, 1947, as amended.
>
>21.2 Employer shall not contract or subcontract any work coming within the jurisdictional claims of the Union and Article 1 hereof, to any person, firm or corporation not covered by a collective bargaining agreement with the Union, provided however, that the provisions of this paragraph shall apply only to the contracting and sub-contracting of work to be done at the site of construction, alteration, painting or repair of a building structure or other work.
>
>21.3 It shall be the duty of all persons letting or subletting work coming within jurisdiction claims of the Union to ascertain that the contractor or sub-contractor is reliable, financially responsible, and will comply with the provisions of this Agreement. All persons letting or subletting said work shall assume the responsibility for payment of all fringe benefits, in the event his contractor or sub-contractor fails in making payments or contributions.

## COUNT ONE
*ERISA Contributions Audit*
*On Behalf of the Funds*

12. The Union detected Defendant employing subcontractors to perform bargaining unit work that did not have an Agreement with the Union, and that did not contribute to the Funds for their employees' hours worked.

13. Under the CBA and Trust Agreements, Defendant must submit its books and records to the Funds' auditor to ensure its compliance with its contribution obligations.

14. The Funds require an audit of Defendant to determine the amount of contributions due for the work of its subcontractors.

WHEREFORE, Plaintiffs ask this Court to:

A. Order Defendant to submit its books and records to the Funds' auditor for an audit.

B. Enter judgment for any amounts determined to be due by the audit.

C. Order Defendant to pay the attorney fees and costs incurred by the Plaintiffs in this matter.

D. Order Defendant to pay liquidated damages and interest or double interest, pursuant to the CBA, Trust Agreements, and ERISA.

E. Award Plaintiffs such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT TWO
*Union Dues Under the NLRA*
*On Behalf of the Union*

15. Plaintiff Union incorporates paragraphs one through fourteen of the Complaint as though fully set forth herein.

16. Under the CBA, signatory employers must withhold a percentage of wages paid to their Union member employees as Union dues.

4

17. By subcontracting with non-signatory employers, in violation of the CBA's subcontracting provision, Defendant deprived the Union of the dues it would have received had Defendant complied with the subcontracting provision.

WHEREFORE, Plaintiffs ask this Court to:

A. Enter judgment against Defendant for the number of hours-worked determined by the contributions audit, multiplied by the CBA's wage rate, multiplied by the CBA's dues withholding percentage.

B. Order Defendant to pay the attorney fees and costs incurred by the Plaintiffs in this matter.

C. Award Plaintiffs such other and further relief as the Court deems just and equitable, all at Defendant's cost.


By: ___/s/ Andrew S. Pigott_____
    ANDREW S. PIGOTT


Gregory W. Hosé
John Festa
Andrew S. Pigott
ARDC#6278244
GREGORIO, STEC, KLEIN & HOSÉ
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343